File Name: 05a0501n.06

Filed: June 14, 2005

Nos. 03-6399, 03-6417

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ESTATE OF ELINOR M. JAMES, and HER HEIRS, | ) ) ) | |
| **Plaintiff-Appellant,** | ) ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; ANN M. VENEMAN, Secretary of Agriculture, in her Official Capacity, | ) ) ) ) ) ) | |
| **Defendants-Appellees.** | ) ) | |
| _____ | ) | |

| | | |
|---|---|---|
| STEPHEN B. GIBBS; PAULA E. GIBBS, | ) ) ) | |
| **Plaintiffs-Appellants,** | ) ) | |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; ANN M. VENEMAN, Secretary of Agriculture, in her Official Capacity, | ) ) ) ) | |
| **Defendants-Appellees.** | | |
| _____ | | |

**Before: MARTIN, GILMAN, and FRIEDMAN,[*] Circuit Judges.**

Order DENYING (1) Rehearing and (2) Stay of FORECLOSURE.

**FRIEDMAN, Senior Circuit Judge.** In each of these cases, farmers entered into shared appreciation agreements with the United States Department of Agriculture under which, in return for the government's reduction of their indebtedness to it (originally secured by mortgages on their farms), the farmers agreed to pay the government 50 percent of any appreciation in the value of their farms during the ten-year term of the shared appreciation agreements. In our recent opinion in these cases, we held that under the appreciation agreements and the statute and regulations that authorized them, the farmers' obligation to pay 50 percent of the appreciation continued after the agreements had expired. Estate of James v. United States Dep't of Agric., 404 F.3d 989 (6th Cir. 2005). We rejected the farmers' contention that payment was not required because local representatives of the Department of Agriculture told them that they would not have to make such payments if they continued to operate their farms for the ten-year term of the agreements, principally on the ground that "the local Department officials had no authority to depart from the provisions Congress prescribed." Id. at 996.

1. The farmers have now petitioned for panel rehearing, asserting that "crucial documentation and evidence has been withheld from the Plaintiffs in this case and in all of the underlying cases upon which the Court's Opinion was based." In a lengthy affidavit attached to the petition, their attorney states:

---

[*]Judge Daniel M. Friedman, United States Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

> Following the rendering of the Court's Opinion in this case, I was contacted anonymously by an individual with the Department of Agriculture and given information as to where I could obtain official documents of the Department of Agriculture that had been withheld from the parties in this case and also in all of the previous cases interpreting the Shared Appreciation Agreement which cases this Court had relied upon in rendering their decision.
>
> As a result of that anonymous phone call, I was able to obtain the attached documents.

The affidavit further states that if "[t]hese documents which were withheld from counsel and parties in this case" had

> been available, [they] would have completely reversed the results of those cases and this case. The documents show that from the very beginning, it was the intention of the statute, the Department of Agriculture and the Farm Service Administration that the indebtedness written down as a part of the Share Appreciation Agreement would not be recaptured if the farmers met the stated conditions for the period of ten (10) years.

Attached to the motions were three documents: (1) a single-spaced 37-page "Analysis of Farm Loan Programs" made by the Department of Agriculture; (2) a 3-page excerpt from a memorandum accusing the Departments of Justice and Agriculture of "Defrauding Farmers in *Stahl v. Veneman* $500 Million Class Action Lawsuit" involving federal employee, Dr. Thomas Kalil; and (3) a 3-page internal Department of Agriculture memorandum from Dr. Kalil, described as "'Budget Report' concealed by FSA Management from the *Stahl* court."

Although the farmers state that the documents they submitted "would have completely reversed the results of . . . this case," they do not explain or show how or why that would have occurred. Even if these documents established, as the farmers contend but have not demonstrated, that the Department intended there would be no recapture of increased farm value if the farmers

3

operated their farms for ten years, that conclusion would not entitle the farmers to prevail in view of our holding that the shared appreciation agreements and the legislation that authorized them "unambiguously authorize the government to recover its share of the increased value of the secured farm property after the agreements have expired." 404 F.3d 994.

Both district court decisions that we affirmed were rendered on review of the Department's administrative proceedings that the farmers unsuccessfully had invoked, and reflected those administrative records. Our affirmances also rested on those administrative records. Although the farmers now rely on what purports to be newly-discovered evidence, they have not attempted to reopen the Department's administrative proceedings to introduce that evidence and obtain a different result. Their submissions do not warrant rehearing these appeals.

2. In a separate filing, the farmers have renewed their motion to enjoin the government from foreclosing on their farms. We denied their prior motion at the time we issued our opinion. The motion reiterates the prior motion. It fails to establish an essential prerequisite for such relief, namely, that the movant is likely to prevail on the merits. The stay will be denied.

CONCLUSION

The motions for panel rehearing and for an injunction against foreclosure are denied.